# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 95-20219

---

JOSEPH ALICOG and
SRIYAI MARIAN FERNANDO

Plaintiffs-Appellants,

VERSUS

KINGDOM OF SAUDI ARABIA, ET AL

Defendants,

KINGDOM OF SAUDI ARABIA,
MAJID AFIFI, and SALIM AFIFI

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-93-4169)

---

February 14, 1996

Before REYNALDO G. GARZA, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

   Josephine Alicog and Sriyani Fernando appeal the district court's judgment granting summary judgment in favor of the Kingdom of Saudi Arabia and Majid Afifi. The district court held that the Saudi Arabian government's actions in taking the plaintiffs' passports and holding the plaintiffs against their will in a Houston hotel fell within the discretionary tort exception of the Foreign Sovereign Immunities Act. The district court found, under *Risk v. Halvorsen,* 936 F.2d 393 (9th Cir. 1991), *cert. denied*, 502 U.S. 1035, 112 S.Ct. 880, 116 L.Ed.2d 784 (1992), that the act was

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

discretionary because one of a consulate's primary functions is to handle travel documents. The district court also concluded that the Saudi Arabian government acted within its discretion because the detention arose from concerns regarding Immigration and Naturalization Service Regulations and potential diplomatic problems. Moreover, the abuse alleged by the plaintiffs did not demonstrate that the Saudi Arabian government exceeded its discretion. We agree with the reasons presented by the district court in granting the Saudi Arabian government's motion for summary judgment.

Regarding the dismissal of the claims against defendant, Majid Afifi, the district court held that the plaintiffs presented insufficient evidence to overcome summary judgment. It also held that because Afifi was merely acting as an agent to an immune foreign sovereignty, he too was immune. Without deciding the question of immunity as to Afifi, we agree with the district court that there is insufficient evidence in the record to show that Afifi falsely imprisoned the plaintiffs. Because the plaintiffs failed to present sufficient evidence to raise a genuine issue of material fact regarding Afifi's liability, the district court correctly dismissed their claims against him.

After a thorough review of the record and consideration of the arguments and briefs, we AFFIRM the granting of the summary judgments.